UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:22-CV-51 AGF |
| MICHELLE CHAPMAN, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Jermaine Cortez Pate, an incarcerated person at Moberly Correctional Center, to proceed in the District Court without prepaying fees or costs. [ECF No. 3]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.16. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon an initial review of the amended complaint, [ECF No. 6], the Court will dismiss plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $257.87. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.16, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendant Michelle Chapman, the Clerk of Court of for Randolph County Circuit Court, alleging defendant violated plaintiff's constitutional rights by failing to correct a clerical error relating to the assessment of filing fees in three of plaintiff's cases in Randolph County Court. Plaintiff sues defendant in her individual capacity only.[1]

Plaintiff states that he overpaid court filing fees on one of his cases in Randolph County by $23.50. He asserts that when he requested reimbursement of the filing fees from defendant Michelle Chapman, she "purposely" failed to address the additional $23.50 received by her office. He alleges, in pertinent part:

> On June 13th of 2022, plaintiff sent defendant a check for the filing fee in cause number 22RA-CV00401. Subsequently, on June 16th of 2022, plaintiff sent defendant a second check for the filing fee in the same cause number along with a check to be forwarded to a separate pending civil proceeding in cause number 22RA-CV00536.
> . . .
> Defendant waived her absolute quasi-judicial immunity from damages for civil rights violations when she failed to return plaintiff's excessive filing fee after plaintiff requested the reimbursement, and by falsely adjusting the case fees account in case identification number 22RA-CV00536.

---

[1]Plaintiff filed his original complaint on August 17, 2022. [ECF No. 1]. He filed a motion to amend his complaint, [ECF No. 5], on September 19, 2022, although he failed to attach his amended pleading at that time. On November 17, 2022, plaintiff filed his amended complaint. [ECF No. 6]. The Court will grant plaintiff's motion to amend his complaint and review the amended complaint, [ECF No. 6], pursuant to 28 U.S.C. § 1915.

>Two checks were received by her office which listed the case number 22RA-CV00401. The two checks had the amounts of $23.50 and $20.50, which was the original and adjusted filing fee in the civil action filed by plaintiff.
>
>On July 22, 2022, defendant sent plaintiff correspondence regarding funds after plaintiff requested reimbursement, wherein defendant knowingly and purposely fails to address the additional $23.50 which was received by her office.
>
>Defendant has refused to acknowledge the fact that a mistake in the accounting has occurred which leads plaintiff to believe that her actions are not a mere oversight nor a mistake. Plaintiff believes that defendant intends to frustrate plaintiff.

[ECF No. 6 at 3-4].

Plaintiff claims that defendant Michelle Branch's actions denied him "Equal Protection" and violated his Fourteenth Amendment due process rights.[2] He also asserts that she falsified the Circuit Court account, acted in per se negligence, violated a prima facie tort, engaged in a breach of duty and discriminated against him on the basis of his race. [ECF No. 6 at 1]. For relief, plaintiff seeks compensatory and punitive damages. [ECF No. 6 at 5].

---

[2] Plaintiff has failed to allege that defendant Chapman violated his Equal Protection rights, thus, those claims are subject to dismissal. As a "threshold matter," a plaintiff must allege less-favorable treatment than similarly situated persons specifically on account of membership in a protected class. *Bogren v. Minn.,* 236 F.3d 399, 408 (8th Cir. 2000); *see Klinger v. Dep't of Corr.,* 31 F.3d 727, 731 (8th Cir. 1994) ("absent a threshold showing that [a plaintiff] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim"). Because the amended complaint is completely silent as to the treatment of similarly situated groups, the Court finds that plaintiff has not sufficiently plead an equal protection violation.

## Plaintiff's State Court Cases Relative to the Instant Action[3]

**A.** ***Pate v. Long***, **No. 22RA-CV00401 (14th Jud. Cir., Randolph County Court)**

Plaintiff filed an action for small claims against defendant Janice Long, a Correctional Officer at Moberly Correctional Center, as well as Moberly Correctional Center, on or about May 10, 2022, in Randolph County Court. *See Pate v. Long*, No. 22RA-CV00401 (14th Jud. Cir., Randolph County Court). Plaintiff claimed in his lawsuit that Officer Long had discriminated against him and harassed him by refusing to allow him to take a canteen item with him while participating in recreation. *Id.*

At the time of filing his action, plaintiff moved to proceed in forma pauperis in Randolph County Court to forgo paying the filing fee. Plaintiff filed an amended petition on June 6, 2022, and at that time he filed a second motion to proceed in forma pauperis. *See Pate v. Long*, No. 22RA-CV00401 (14th Judicial Circuit, Randolph County Court).

Plaintiff amended his claims against defendants to include causes of action for negligence, breach of duty, per se negligence, harassment, discrimination, retaliation and mental distress. *Id.* At the time he filed his amended complaint, plaintiff filed a request for a subpoena duces tecum as well as a subpoena of a non-party. The Court issued an order on June 7, 2022, denying plaintiff's request for leave to proceed in forma pauperis "pursuant to the provisions of the Prison Litigation Reform Act." Plaintiff was ordered to pay $23.50 for the filing fee in his case. *Id.*

---

[3]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Plaintiff renewed his request for subpoenas on June 8, 2022. On June 13, 2022, plaintiff filed an affidavit supporting his prior request to proceed in forma pauperis. On that same date, plaintiff wrote a letter to the Court asking what "the [cost for the] process server [would] be." *Id.* On June 14, 2022, Leslie Burnett, the Assistant Administrator for the Randolph County Sheriff's Office, indicated that the service fee costs in the case was $35.50 for personal service on Janice Long. *Id.* On June 23, 2022, plaintiff filed a motion for extension of time to pay the filing fee. He stated that "[d]efendant's agent," Miles Strid, ha[d] yet to release funds. . .so that the filing fee [could] be timely paid." The Court granted plaintiff until July 12, 2022, to pay the filing fee.

On July 7, 2022, defendant Long filed a motion to dismiss plaintiff's action on the basis that the Court lacked subject matter jurisdiction over the matter, and even if there was subject matter jurisdiction, plaintiff's amended complaint failed to state a claim upon which relief could be granted. The Court granted the motion to dismiss on July 14, 2022. *See Pate v. Long*, No. 22RA-CV00401 (14th Jud. Cir., Randolph County Court).

On July 21, 2022, plaintiff sent a letter to Michelle Chapman, Clerk of Randolph County Court. He stated, "Please return the $20.50 filing fee received by your office. I sent $23.50 as requested. The $20.50 was more than what was required." Attached to his letter were three State of Missouri Department of Corrections (MDOC) Requests for Withdrawal of Offender's Personal Funds.[4]

---

[4]Plaintiff has attached his MDOC Requests for Withdrawal to his original complaint in this action [ECF No. 1]. The first MDOC Request for Withdrawal, dated June 13, 2022, states under "Purpose of Check," that it is for "Filing Fee 22RA-CV00401" in an amount of $23.50." [ECF No. 1 at 13] The second MDOC Request for Withdrawal, dated June 16, 2022, states under "Purpose of Check," that it is for "Filing Fee Cause Number 22RA-CV00401" in an amount of $20.50. [ECF No. 1 at 14]. The third MDOC Request for Withdrawal, dated June 16, 2022, states under "Purpose of Check," that it is for "Filing Fee Cause Number 22RA-CV00536" in an amount of $23.50. [ECF No. 1 at 15]. Also attached to his original

On July 22, 2022, Michelle Chapman wrote a letter to plaintiff relative to the filing fee. The letter states:

> I am in receipt of your letter, a copy of which is enclosed.
>
> It appears we applied the $20.50 check we received from you on 28-Jun-2022. . .to case number 22RA-CV00401 of which this case has been before the Judge. I have enclosed a copy of the docket sheet and cost bill on this case.
>
> Regarding your case number 22RA-CV00537 I am awaiting the payment of the $105.00 filing fee as per the Order dated June 30, 2022. Upon receipt of the payment the Judge will review and set a court date on this case.
>
> Finally, in your case number 22RA-CV00536, it appears that your payment of $23.50 was deposited in this case. This case has just recently been assigned to the Honorable James M. Cooksey. I am currently waiting for a court date on this case so that I may issue the summons and get this case moving.
>
> If you wish to have the $20.50 refunded to you, I will be happy to make the appropriate corrections to the funds. Please note that this would stop any court date from being set in 22RA-CV00536 until payment would be received in it.
>
> I know that this covers several cases. I hope that this clears things up for you. If you have any questions, please feel free to contact me.

Despite the July 22, 2022, letter from Michelle Branch, plaintiff sent a motion to Randolph County Court on July 29, 2022, requesting reimbursement of "either the filing fee for $23.50 or $20.50."[5]

---

complaint, [ECF No. 1], is the Case Party Fee Reports, issued on July 22, 2022, from Randolph County, for Case Numbers 22RA-CV00401 and 22RA-CV00536. The Fee Report for Case Number 22RA-CV00401 shows that only one check was received (or docketed) in an amount of $20.50 from plaintiff on June 28, 2022. [ECF No. 1 at 17]. The Fee Report shows that only one check was received (or docketed) from plaintiff in Case Number 22RA-CV00536 on June 28, 2022, in an amount of $23.50. [ECF No. 1 at 16].

[5]Plaintiff filed his motion in both Case No. 22RA-CV00401 and Case No. 22RA-CV00536.

The Honorable James Cooksey, Associate Circuit Judge, on August 9, 2022, indicated by Order that because plaintiff had been denied leave to proceed in forma pauperis in the action, he was required to pay the full amount of the filing fee. Thus, he was required to pay $50.00 within thirty (30) days of the Order. *See Pate v. Long*, No. 22RA-CV00401 (14th Judicial Circuit, Randolph County Court).

A letter was sent to plaintiff by Clerk Michelle Branch on August 30, 2022, stating the following:

> This Office has received the certified copy of your correction center account statement for the six (6) month period immediately preceding the filing of your pleadings. The court has calculated that the petitioner is capable of paying an initial partial filing fee in the amount of $50.00 within 30 days. An Order of the Court Order is enclosed.
>
> Upon receipt of the Order, the Department of Corrections will be directed to deduct 20% of each preceding month's deposits credited to your correctional account for payment of the balance of the filing fee until the same is paid in full.
>
> Local filing fee for Small Claims is $50.00.
>
> Any correspondence must bear this identification number 22RA-CV00401.

### B. *Pate v. Strid*, No. 22RA-CV00536 (14th Jud. Cir., Randolph County Court)

Plaintiff filed an action for small claims against defendants Miles Strid, Superintendent of Moberly Correctional Center, and Anne Precythe, Director of MDOC, on or about June 13, 2022, in Randolph County Court. *See Pate v. Strid, et al.*, No. 22RA-CV00536 (14th Judicial Circuit, Randolph County Court). Plaintiff claimed in his lawsuit that defendants had failed to provide proper medical care and conditions of confinement at Moberly Correctional Center, and he claimed that they had not properly supervised or trained the individuals employed by MDOC regarding these issues. *Id.* Plaintiff was notified at the outset of his lawsuit that he had failed to either pay

the filing fee or file a motion to proceed in forma pauperis, and he was given thirty (30) days to do so or face dismissal of his lawsuit.

Judge Hayes dismissed plaintiff's action on August 30, 2022. The Court found that plaintiff's complaint failed to state a claim upon which relief could be granted. *Id.*

On September 12, 2022, after dismissal of his action, plaintiff filed a motion for trial de novo and a motion to proceed in forma pauperis, accompanied by an "affidavit of a poor person." On September 19, 2022, the Honorable Scott Hayes, Circuit Judge in Randolph County, denied plaintiff's motion for trial de novo and for leave to proceed in forma pauperis, and he assessed petitioner a filing fee of $50.00. *See Pate v. Strid, et al.*, No. 22RA-CV00536 (14th Judicial Circuit, Randolph County Court). The Order also stated that plaintiff's action was improperly filed in small claims court.

On September 22, 2022, Clerk of Court in Randolph County, Michelle Branch, sent plaintiff a letter, stating:

> This Office has received the certified copy of your correction center account statement for the six (6) month period immediately preceding the filing of your pleadings. The court has calculated that the petitioner is capable of paying an initial partial filing fee in the amount of $50.00 within 30 days. An Order of the Court Order is enclosed.
>
> Upon receipt of the Order, the Department of Corrections will be directed to deduct 20% of each preceding month's deposits credited to your correctional account for payment of the balance of the filing fee until the same is paid in full.
>
> Local filing fee for the Application of Trial De Novo is $50.00.
>
> Any correspondence must bear this identification number 22RA-CV00536.

On October 3, 2022, Michelle Branch wrote the following letter to plaintiff at Moberly Correctional Center:

> Enclosed please find check #1092252 in the amount of $35.60 payable to. . . I am returning this to Inmate Account for credit back to your account. As a summons was not issued in this case these funds were not needed. If you have any questions, please feel free to contact me.

On October 11, 2022, the Court directed the Clerk to "write off" a $20 balance due to the Court from plaintiff. *Id.*

## Discussion

Plaintiff's federal law claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

For purposes of the Due Process Clause, property interests "are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 749 (2005). Missouri and federal law recognize that prisoners have a property interest in money. *Murray v. Dosal*, 150 F.3d 814, 818-19 (8th Cir. 1998). But it is also true that Supreme Court precedent recognizes "that the

-10-

constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001).

The Eighth Circuit elucidated the process due to prisoners regarding money from inmate accounts in *Mahers v. Halford*. 76 F.3d 951 (8th Cir. 1996). The Eighth Circuit noted that by the time the funds were deducted from the inmates' accounts, the prisoners had been afforded "a full trial or plea hearing and an opportunity to be heard on claims of a lack of ability to pay restitution." *Id.* at 955. Once the restitution plan had been established, "a debt was created and the inmate was deprived of complete freedom over how to spend future money until this debt was satisfied." *Id*. *Mahers* is authoritative as to restitution and highly persuasive as to court fines, fees, and costs.

Plaintiff is asserting a deprivation of his personal property by defendant Chapman; however, such a claim does not arise under the Constitution. "When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Clark v. Kansas City Missouri Sch. Dist.,* 375 F.3d 698, 702 (8th Cir. 2004).

Missouri provides adequate post-deprivation remedies, *see Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990), because plaintiff "may use [Missouri] state-law remedies to recover money that was improperly deducted from his prison account." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001); *see also Taylor v. Combs*, 2007 WL 3028255, at *1 (W.D. Mo. Oct. 15, 2007) (dismissing, at section 1915A review, prisoner's claim "challenging removal of his inmate account monies" because such claims "should be brought in state court" (citing *Moore*, 266 F.3d at 929–33)); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of

property not actionable under section 1983 if suitable state remedy). Thus, to the extent plaintiff believes he is owed money due to an overpayment of court fees in Randolph County Court, his remedy is to file a replevin action in Randolph County.

Because plaintiff cannot state a cognizable claim against defendant under § 1983, the case will be dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.16 within thirty days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's federal claims contained in his amended complaint are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Court declines to exercise jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that an appeal from the dismissal of this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of February, 2023.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE